UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OWEN SIMMS,

Petitioner,

-vs-

TODD BLANCHE,[1] et al.,

Respondents.

25-CV-6458 (MAV)

DECISION & ORDER

*Pro se* Petitioner Owen Simms initiated this petition for habeas corpus relief as a Jamaican national under 28 U.S.C. § 2241, alleging that his due process rights are being violated by his continued detainment pending removal from the country. ECF No. 1. Petitioner filed a motion for the appointment of *pro bono* counsel to represent him in the case. ECF No. 2. Respondents have not responded to the motion. The motion for appointment of counsel is now before the Court.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. The Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is within the judge's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

The factors to be considered in deciding whether or not to assign counsel include the following:

[1.] whether the indigent's position seems likely to be of

[1] Todd Blanche automatically replaced Pamela Bondi pursuant to Federal Rule of Civil Procedure 25(d).

substance . . .

[2.] the indigent's ability to investigate the crucial facts,

[3.] whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder,

[4.] the indigent's ability to present the case,

[5.] the complexity of the legal issues and

[6.] any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Cooper*, 877 F.2d at 174. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

With these considerations in mind, the Court reviewed Petitioner's request and determined that the appointment of counsel is not warranted at this time. Petitioner has demonstrated his ability to advocate on his own behalf and to pursue his claims

by initiating this case, filing the instant motion, and filing responses when requested by the Court, *see* ECF Nos. 14, 15. Moreover, Petitioner's legal issues are not complex, as removal has already been ordered. His current claim is limited to the length of his detainment pending removal, a claim Petitioner effectively raised himself under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* ECF No. 1 at 8, 14–16.

Additionally, Petitioner has not demonstrated a likelihood of success on the merits. While Petitioner has a legitimate claim regarding the length of his detention, Respondents have submitted a declaration from a deportation officer that states that "ICE has been working to remove Petitioner to a third country, besides Jamaica. These countries include Canada, Panama, and the Bahamas." ECF No. 12-1 at 4. The declaration further states that the Bahamas has sent "the request for travel documents for Petitioner's removal to their embassy." ECF No. 12-1 at 4.

Petitioner argues that counsel is necessary pursuant to Rules 6 and 8 governing 28 U.S.C. § 2254 because he needs discovery and may need an evidentiary hearing. ECF No. 2 at 3–4. The Court disagrees that further discovery and an evidentiary hearing are likely to be warranted in this case. If the circumstances of the case change and further discovery or a hearing is required, Petitioner is invited to renew his request for counsel.

Overall, the Court is not persuaded that Petitioner requires *pro bono* counsel at this time. It is Petitioner's responsibility to hire an attorney or to continue with this case *pro se*. *See* 28 U.S.C. § 1654.

Therefore, for the foregoing reasons, it is hereby

ORDERED, that Petitioner's motion for the appointment of counsel, ECF No. 2, is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: September 29, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge